532 July 15, 2026 No. 670

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ISAAC AARON LUKER,
*Defendant-Appellant.*

Polk County Circuit Court
24CR03525; A186580

Monte S. Campbell, Judge.

Submitted June 10, 2026.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Meredith Allen, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Paul L. Smith, Solicitor General, and Robert M. Wilsey, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Joyce, Judge, and Hellman, Judge.

ORTEGA, P. J.

Remanded for entry of amended judgment reflecting acquittals on Counts 2, 3, and 5; otherwise affirmed.

**ORTEGA, P. J.**

Defendant appeals from his conviction for unlawful use of a weapon (UUW), ORS 166.220. He argues that the trial court erred by denying his motion for a judgment of acquittal because there was insufficient evidence to show that he "used" a gun to threaten the victim. He further challenges the trial court's entry of a judgment of "dismissal" on counts on which he had been acquitted, which the state concedes was erroneous. We affirm defendant's conviction because a reasonable trier of fact could have found from the evidence that he committed UUW, and remand for entry of a judgment correctly reflecting acquittals on counts 2, 3 and 5.

We articulate only those facts necessary to explain our disposition. The underlying incident involved an altercation between defendant and SB, who were cohabiting and in an intimate relationship. Defendant argues that he did not "use" his gun when he repeatedly threatened to kill SB because he only "held the gun at his side" and "did not employ it while making his verbal threats."

ORS 166.220 provides, in part, that:

"(1)   A person commits the crime of unlawful use of a weapon if the person:

"(a)   Attempts to use unlawfully against another, or carries or possesses with intent to use unlawfully against another, any dangerous or deadly weapon as defined in ORS 161.015."

"Use" for purposes of the UUW statute includes the "employment of a weapon to threaten immediate harm or injury." *State v. Ziska/Garza*, 355 Or 799, 811, 334 P3d 964 (2014). Contrary to defendant's argument, ORS 166.220 is not limited only to circumstances where a person "points" a weapon at another.

We have explained previously that, as the text of ORS 166.220 makes clear,

"a person can commit UUW without actually 'using' a weapon. All that the UUW statute requires is that the person 'carries or possesses' the weapon 'with intent to use [it]

unlawfully against another[.]' Consequently, a person can be convicted of UUW even if the person did not actually use a weapon."

*State v. McAuliffe*, 276 Or App 259, 263, 366 P3d 1206, *rev den*, 359 Or 847 (2016). In *McAuliffe*, we affirmed the defendant's conviction for UUW where the evidence was that he had called 9-1-1 about a plane flying low over his property, told the dispatcher that he was sitting with a shotgun, admitted that he had serious thoughts about shooting at the plane, and held up a shotgun shell to the pilot as he flew by. *Id.* at 260-61. The evidence that the defendant did not fire or aim the shotgun at the plane did not change our determination that the record was sufficient to support the requisite intent for UUW. *Id.* at 265-66.

Here, there was evidence that defendant, as part of a lengthy course of violent and threatening conduct toward SB, told her that if she did not stop crying he would kill her; cocked the gun (causing it to make noises the victim heard and recognized as a firearm), and held it at his side where SB could see it, and again told her that if she did not shut up he would kill her. As in *McAuliffe*, a reasonable trier of fact could have found from those facts that defendant carried or possessed the gun with the intent to employ it either to (1) inflict harm or injury on the victim or (2) threaten immediate harm or injury to the victim. *See id.* at 265.

Indeed, the facts here plainly allow the inference that defendant employed the gun to threaten immediate harm to SB. She testified that, after defendant told her that if she did not stop crying he would kill her, "all I hear is a gun cock. And I look up, and he has his gun to his side and told me if I'm not going to shut up, he's going to kill me." SB testified that, "[a]fter he cocked it, I just fell back down. And I felt like I blacked out. I told him I was terrified, and he said, 'You should be.'" She was afraid defendant would shoot her. From those facts, a reasonable trier of fact could have found that defendant actively employed the gun to threaten the victim when he cocked it, then threatened to kill her. That is, a trier of fact could have found that defendant manipulated the firearm causing it to make a sound that was threatening to the victim and, thus, employed the

"weapon to threaten immediate harm or injury." *Ziska/ Garza*, 355 Or at 811. The trial court did not err in denying defendant's motion for judgment of acquittal.

The state agrees that the trial court erred by entering a judgment dismissing the charges on counts 2, 3 and 5; the trial court granted defendant's motions for judgments of acquittal on those counts. Thus, the judgment does not accurately reflect what happened in this case as to those counts. Accordingly, we remand with instructions to enter a judgment reflecting acquittals on counts 2, 3, and 5.

Remanded for entry of amended judgment reflecting acquittals on Counts 2, 3, and 5; otherwise affirmed.